## LAW OFFICE OF DANIELA NANAU, P.C.

February 11, 2021

The Honorable Loretta A. Preska
United States District Judge
Southern District of New York
500 Pearl Street, Room 2220
New York, New York 10007

**Re:** *Harris v. State of New York et al.,* **Case No 20-CV-8827 (LAP)**

Dear Judge Preska:

  I represent the Plaintiff in the above-referenced matter and write to respond to an allegation made in the letter from Defendant State of New York submitted by Assistant Attorney General Anjali Bhat yesterday evening.

  It is not true that Defendant Office of the New York State Comptroller (OSC) has not been served in this case. As the attached Affirmation of Service demonstrates, OSC was personally served at the office of the New York State Attorney General on December 4, 2020.

  On February 9, 2021, for the first time, Ms. Bhat informed me that it is OSC's position that service was not performed. Ms. Bhat claimed that pursuant to C.P.L.R. 307, Plaintiff should have both served OSC personally through the Attorney General (which was done on December 4, 2020) and sent a copy of the Complaint and Summons to the Comptroller, himself, through certified mail.

  My process server is DLS, Inc., or Demovsky Lawyer Service, which has been serving process in New York State since 1983. Howard Goldman, the Chief Executive and President of DLS, Inc. informed me that Ms. Bhat's construction of C.P.L.R. 307 is wrong and the rule requires either service on a state agency by serving the Attorney General or service by certified mail on the executive of the state agency, not both. Mr. Goldman told me that in all of the years that his company has served process in New York, the Attorney General's office has never raised this issue with any complaint served on any state agency. If Your Honor would like an affidavit directly from Mr. Goldman attesting to these issues formally, Plaintiff will be happy to provide it.

  Despite Ms. Bhat's seemingly incorrect construction of C.P.L.R. 307, and the fact that we are in a pandemic, when I inquired, I was told that OSC would not waive whatever part of service they believe Plaintiff did not carry out. For this reason, I have asked DLS, Inc. to send a copy of the Complaint, Summons and Your Honor's individual rules to the NYS Comptroller, Thomas DiNapoli, today by certified mail to put this issue to bed.

  However, it is unlikely that OSC has had no notice of this gender-based hostile work environment and retaliation case brought by a former employee. The facts of this case are

The Honorable Loretta Preska
February 11, 2021
Page 2 of 2

salacious and were reported in the press the day after the Complaint was filed in October 2020: https://www.nydailynews.com/new-york/ny-comptroller-office-culture-suit-20201023-frxbnmnpxngwlb2rb7etiigfqu-story.html Accordingly, it is not unreasonable to assume that OSC and Comptroller DiNapoli, himself, likely have had actual notice of this lawsuit for more than four months, which is why Plaintiff opposes Defendants' request to extend the time to answer for another five weeks.

    Mr. Harris went from a six-figure job with the State of New York to working minimum wage jobs (when he could find the work) because he was fired for complaining that he was harassed by supervisors who made lewd jokes and constantly discussed his personal relations with his girlfriend. My client should not have to be prejudiced by the significant delay Defendants are causing, which prevents us from getting this litigation started.

    Thank you for your time and attention to the matters raised in this letter.

                                Respectfully submitted,

                                DANIEL NANAU

Attachment