

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-8632

February 16, 2021

**By ECF**
Honorable Loretta A. Preska
United States District Judge
Southern District of New York
500 Pearl Street, Room 2220
New York, New York 10007

Re: *Harris v. State of New York, et al.*, 20-cv-08827 (LAP)

Dear Judge Preska:

Pursuant to Your Honor's order of February 11, 2021 (ECF No. 17), I write to respond to Plaintiff's opposition ("Opposition") (ECF No. 16) to the request of the Office of the Attorney General ("OAG") for an extension of all Defendants' time to answer or move in response to the Complaint to March 19, 2021. *See* ECF No. 14.

OAG requires this additional time because our office is investigating whether we can represent all four Defendants in this action, or whether we must, because of potential conflicts between Defendants, certify certain defendants for private outside counsel.[1] Under the New York Rule of Professional Conduct 1.7, an attorney may not represent a client if "the representation will involve the lawyer in representing differing interests[.]" At the same time, pursuant to New York

---

[1] In a footnote to our extension request, we noted that Defendant the Office of the State Comptroller ("OSC") had not yet been properly served. Plaintiff's counsel challenges this in her letter. *See* Opposition at 1. CPLR § 307(2) requires that service upon a state agency be made either by "delivering the summons to such officer or to the chief executive officer of such agency or to a person designated by such chief executive officer to receive service" or "by mailing the summons by certified mail, return receipt requested, to such officer or to the chief executive officer of such agency, *and* by personal service upon the state in the manner provided by subdivision one of this section [CPLR § 307(1), which requires service upon the attorney general]." (emphases added). Since the summons was only served upon the attorney general and not delivered or mailed to the Comptroller or his designee, OSC had not been properly served. OAG cannot waive service on behalf of OSC, but Plaintiff may ask OSC in writing to waive service pursuant to Federal Rule of Civil Procedure 4(d)(A). However, as further set forth herein, improper service is not the basis for our extension request. The basis is the need to resolve representation issues.

Public Officers Law § 17(2)(c), the Attorney General has a duty to "take the necessary steps…to avoid entry of a default judgment [against a state employee] pending resolution of any question pertaining to the obligation to provide for a defense." Thus, even where OAG is still investigating whether representing a state agency or employee presents a conflict of interest, OAG nevertheless has a duty to protect the interests of such agencies and employees at the outset of the litigation, including by seeking extensions of deadlines if necessary.

This action involves four Defendants, three (Robert Tambini, Lawrence Schantz and OSC) of whom Plaintiff alleges personally took harassing and/or retaliatory action against him. To determine whether potential conflicts exist, OAG has had to interview relevant agency personnel and review relevant records. OAG must then analyze and evaluate these facts to identify any conflicts of interest. This is naturally a time-intensive process that depends on the schedules of witnesses and personnel. OAG is committed to resolving these representation issues as soon as possible. However, forcing a response to the Complaint prior to this resolution would substantially prejudice Defendants' right to adequate representation.

Plaintiff's counsel claims that an extension would prejudice her client—but she implicitly concedes that Plaintiff is primarily seeking monetary compensation for an alleged economic harm that occurred in March 2019, when his employment with OSC ended. Opposition at 2; Complaint at ¶ 14. Plaintiff does not seek any specific immediate injunctive relief. A five-week extension in an action for money damages (from an alleged injury dating back to March 2019) will not irreparably prejudice Plaintiff. In *Wing Shing Prods. (BVI) Ltd. v. Simatelex Manufactory Co., Ltd.*, No. 01 Civ. 1044 (RJH) (HBP), 2005 WL 912184 at *2 (S.D.N.Y. Apr. 19, 2005) (Holwell, J.), for example, the court granted a stay of litigation pending the outcome of a related appeal in part because any loss to the plaintiff resulting from the stay would be monetary and therefore "susceptible to an award of interest." Therefore, there was no substantial prejudice to the plaintiff. *Id.* Similarly, courts have granted extensions of time even after a party has missed deadlines due to its own error, because delay alone does not constitute prejudice. *Adam v. GCT New York LP*, No. 19 Civ. 5664 (VSB), 2020 WL 68614 at *2 (S.D.N.Y. Jan. 6, 2020) (Broderick, J.); *Ingeniera Y Representaciones Internationales, S.A. v. Stone & Webster Intern. Projects Corp.*, No. 96 Civ. 7335 (PKL), 1997 WL 317420 at *2 (S.D.N.Y. June 11, 1997) (Leisure, J.). However, requiring Defendants to respond to the Complaint prior to a determination of conflicts of interests in representation would irreparably prejudice Defendants' rights in this litigation. Accordingly, OAG respectfully reiterates its request for an extension until March 19, 2021 to respond to the Complaint.

Thank you for your consideration in this matter.

Respectfully submitted,

/s/ Anjali Bhat

Assistant Attorney General

cc: Daniela Nanau, Esq.

    Law Offices of Daniela Nanau, P.C.
    89-03 Rutledge Avenue
    Glendale, NY 11385
    (888) 404-4975
    dn@danielananau.com
    *Attorney for Plaintiff*