```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| EVAN HARRIS,<br><br>                Plaintiff,<br><br>-against-<br><br>STATE OF NEW YORK,<br>OFFICE OF NEW YORK STATE<br>COMPTROLLER, LAWRENCE SCHANTZ,<br>and ROBERT TAMBINI,<br><br>                Defendants. | No. 20-CV-8827 (LAP)<br><br>OPINION & ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

    Before the Court is Defendant State of New York's (the "State") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]  Plaintiff Evan Harris ("Harris") opposes the motion.[2]  For the reasons below, the motion to dismiss is GRANTED without prejudice.

    I.   **Background**

    From 2003 until March 2019, Harris worked in the Office of New York State Comptroller's ("OSC") Office of Unclaimed Funds ("OUF") as the Assistant to the Director of Audits.[3]  When OSC

---

[1] (See Notice of Mot. to Dismiss Compl. ("State MTD"), dated Mar. 19, 2021 [dkt. no. 32]; see also Def. State of New York's Mem. of Law in Supp. of Its Mot. to Dismiss Compl. ("State Br."), dated Mar. 19, 2021 [dkt. no. 33]; Reply Mem. of Law in Further Supp. of State of New York's Mot. to Dismiss Compl. ("State Reply Br."), dated Apr. 9, 2021 [dkt. no. 34].)
[2] (See Pl's. Mem. of Law in Opp'n to Def. New York State's Mot. to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1)(6) ("Pl's. Opp."), dated Apr. 2, 2021 [dkt. no. 31].)
[3] (See Compl. ("Compl."), dated Oct. 22, 2020 [dkt. no. 1] ¶ 14.)

1

promoted Robert Tambini ("Tambini") to Director of Audits for OSC's OUF in September 2018, Plaintiff suggested that Tambini—now his direct supervisor—"stop making comments and jokes with sexual innuendo." (Id. ¶¶ 24, 29.) Despite Plaintiff's request, Tambini continued to make inappropriate comments and jokes to Plaintiff and other OSC employees. (Id. ¶¶ 32-33.)

Following that conversation in September 2018, Tambini avoided communications with Plaintiff, including excluding him from work-related meetings and reassigning Plaintiff's substantive work to other OSC employees. (Id. ¶¶ 37-39.) In addition to avoiding communicating with Plaintiff, Plaintiff alleges that Tambini undermined his ability to perform his job, such as requiring Plaintiff to complete an "assignment using spreadsheets that were 'read only'" and restricting Plaintiff's communication with Lawrence Schantz ("Schantz"), the Director of OSC's OUF and Tambini's direct supervisor. (Id. ¶¶ 44-45.)

Shortly before Tambini told Plaintiff that Schantz "did not want to hear from Plaintiff directly anymore," "Plaintiff told Schantz that he no longer wanted to interact with him because of the incessant inappropriate texts that Schantz sent to Harris every day, which were sex-related jokes." (Id. ¶¶ 45, 54.) Plaintiff alleges that although Schantz "knew that Harris objected to Tambini's sexist jokes and comments[] and that Tambini was retaliating against Plaintiff by taking his work

2

away from him," he failed to remedy Tambini's behavior.  (Id. ¶¶ 61-62.)

On March 4, 2019, Plaintiff met with an OSC Human Resources Supervisor and two investigators from the OSC Department of Investigations.  (Id. ¶¶ 67-68.)  After Plaintiff described Schantz and Tambini's behavior, the OSC Human Resources Supervisor denied Plaintiff's request either to report this behavior to someone else within OSC or transfer him to a different office.  (Id. ¶¶ 79-82.)  Instead, the OSC Human Resources Supervisor terminated Plaintiff for alleged job performance deficiencies.  (Id. ¶ 19.)

On October 22, 2020, Plaintiff filed the instant action against the State, OSC, Schantz, and Tambini.  Plaintiff asserts claims of a hostile work environment based on gender and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII") against the State and OSC.  (See id. ¶¶ 87-94.)  Plaintiff also asserts claims of a hostile work environment based on gender and retaliation in violation of 42 U.S.C. § 1983 ("Section 1983"), the New York State Human Rights Law, N.Y. Exec. Law § 290 et seq. ("NYSHRL"), and the New York City Human Rights Law, Tile 8 of the Administrative Code of the City of New York ("NYCHRL") against Schantz and Tambini (together, the "Individual Defendants").  (See id. ¶¶ 95-120.)  The State moved to dismiss the complaint

3

on March 19, 2021. (See State MTD; State Br.)  Plaintiff opposes the motion.  (See Pl's. Opp. at 1.)

II. **Legal Standards**

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead sufficient facts "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  That "standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Palin v. N.Y. Times Co., 940 F.3d 804, 810 (2d Cir. 2019) (quoting Iqbal, 556 U.S. at 678).  Evaluating "whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

When considering a motion to dismiss, the court "accept[s] as true all factual allegations and draw[s] from them all reasonable inferences." Dane v. UnitedHealthcare Ins. Co., 974 F.3d 183, 188 (2d Cir. 2020).  It is not required, however, "to credit conclusory allegations or legal conclusions couched as factual allegations." Id. (ellipsis omitted) (quoting Nielsen

4

v. Rabin, 746 F.3d 58, 62 (2d Cir. 2014).  "Accordingly, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Nielsen, 746 F.3d at 62 (cleaned up).  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  Iqbal, 556 U.S. at 679.

A complaint should be dismissed without prejudice if the pleading, "'liberally read,' suggests that the plaintiff has a claim that she has inadequately or inartfully pleaded and that she should therefore be given a chance to reframe."  Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (alterations and citation omitted) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999)).  If a complaint, however, has substantive problems and "[a] better pleading will not cure [them,]" repleading may be "futile."  Id.

III. **Discussion**

The State's motion to dismiss presents two questions: (1) did Plaintiff plausibly allege an employment relationship with the State; and (2) is the State duplicative of OSC such that Plaintiff would not suffer undue prejudice if the Court dismissed the State from this action?  The Court addresses each argument in turn.

### a. **Plaintiff's Title VII Claim Against the State**

The State argues that the Court should dismiss Plaintiff's claims against the State because Plaintiff fails plausibly to allege that the State was Plaintiff's employer within the meaning of Title VII. The Court agrees.

"[T]he existence of an employer-employee relationship is a primary element of Title VII claims." Gulino v. N.Y. State Educ. Dep't, 460 F.3d 361, 370 (2d Cir. 2006). However, Title VII's definitions of employer and employee are not "particularly helpful in deciding whether an employment relationship exists." Id. at 371. In determining whether an employment relationship exists, the Court of Appeals "looks to 'traditional indicators of employment under the common law of agency,' including whether the alleged employer exercised 'direct, obvious, and concrete' control over the plaintiff's day-to-day activities." Penz v. Washer, No. 18 CV 4964, 2019 WL 1922040, at *2 (S.D.N.Y. Apr. 30, 2019) (quoting Gulino, 460 F.3d at 379).

To survive a motion to dismiss, a plaintiff must allege sufficient facts to suggest an employment relationship. See La Martina v. Fischer, No. 12-CV-308A, 2013 WL 1682603, at *3-5 (W.D.N.Y. Mar. 19, 2013), report and recommendation adopted, 2013 WL 1681492 (W.D.N.Y. Apr. 17, 2013) (dismissing plaintiff's Title VII claim against the State where plaintiff—a correctional facility cook-did not plausibly allege that the State was her

6

employer).  For instance, in Penz, the Court found that the claim of plaintiff—a correctional officer—that "the State 'acting through one of its departments, [the New York State Department of Corrections and Community Supervision ("DOCCS")], employs [p]laintiff'" was insufficient to survive a motion to dismiss because the plaintiff presented "no facts to support this conclusory assertion, including, for instance, whether the State hired plaintiff, paid her wages, or—most importantly— exercised direct, obvious, and concrete control over plaintiff's day-to-day activities."  Penz, 2019 WL 1922040, at *2 (citation omitted).

Plaintiff has not alleged sufficient facts to suggest an employment relationship with the State.  Plaintiff only mentions the State in the "Counts" section of the complaint alleging that "[a]t all relevant times to this action, Defendants State of New York and Office of the New York State Comptroller employed Plaintiff within the meaning of Title VII."  (Compl. ¶¶ 88, 92.) These conclusory allegations are inconsistent with Plaintiff's factual allegations regarding Plaintiff's employment.  As stated above, the complaint states that Mr. Harris worked in OSC's OUF as the Assistant to the Director of Audits.  (Id. ¶ 14.) Moreover, Plaintiff's statements made in his opposition are found nowhere in the complaint.  (Compare Pl's. Opp. at 2 ("Plaintiff began working for Defendant State of New York as the

7

assistant to the Director of Audits at Defendant OSC's Manhattan Office."), with Compl. ¶ 14 ("From 2003, until . . . March 2019, [Plaintiff] worked in OSC's Office of Unclaimed Funds . . . ."). As in Penz, Plaintiff has not alleged facts to support his conclusory assertions, such as whether the State paid his wages or "exercised direct, obvious, and concrete control" over his day-to-day duties as Assistant to the Director of Audits in OSC's OUF.  See Penz, 2019 WL 1922040, at *2.  Therefore, Plaintiff fails to allege that the State is his employer, and accordingly, his Title VII claim against the State is dismissed without prejudice.

### b. **Plaintiff's Recovery Against the State**

The State argues that Plaintiff will not suffer undue prejudice if the Court dismisses the State because "OSC is an arm of the State for purposes of civil damages" such that "any money judgment against OSC would be enforceable against the State."  (State Reply Br. at 6-7.)  Plaintiff opposes the State's position, asserting that "there is no way for the Court in this procedural context to assess whether Plaintiff would suffer any prejudice if [the State] was dismissed from this case based solely on the Attorney General's assertions about the alleged sufficiency of funds in OSC's budget."  (Pl's. Opp. at 12.)  The Court agrees with Plaintiff's position.

The State cites several cases for the proposition that "the agency, not the State, is the proper defendant in Title VII cases" to avoid redundancy.  (State Br. at 6.)  The State's characterization of these cases, however, misses the mark.  See Keitt v. N.Y. State Dep't of Corr. & Cmty. Supervision, No. 11-CV-0855, 2015 WL 2383687 (W.D.N.Y. May 19, 2015).  In Keitt, the court dismissed plaintiff's claims against the State of New York because plaintiff did not dispute defendants' argument that "plaintiff's claims against New York State are 'wholly redundant' of his claims against DOCCS," not because the court held as a matter of law that the State was redundant of DOCCS.  Id. at *21.  Unlike in Keitt, here, Plaintiff asserts that it is too early to determine whether Plaintiff would suffer prejudice if the State was dismissed.  (See Pl's. Opp. at 12.)  The State's citation to Penz is similarly inapposite.  For the reasons discussed above, the court dismissed plaintiff's Title VII claim against the State because plaintiff failed plausibly to allege that the State was her employer, not because the State was redundant of DOCCS.  Penz, 2019 WL 1922040 at *2-3.

The parties do not dispute that an employment relationship existed between Plaintiff and the OSC.  However, based on Plaintiff's allegations, the Court cannot determine, at this stage, whether the State was Plaintiff's employer, separate from the OSC, for Title VII purposes.  Cases within the Second

Circuit have held that the State is not a proper defendant in Title VII actions where the court held that a separate state agency is plaintiff's employer. See La Martina, 2013 WL 1682603, at *5 (noting that "cases decided within the Second Circuit have held that the State is not a proper defendant in Title VII actions brought by employees of various other state agencies"); see also Palmer v. N.Y. State Off. Of Ct. Admin., No. 5:00-CV-110, 2010 WL 3724115, at *4 n.2 (N.D.N.Y. Sept. 15, 2010), aff'd, 526 F. App'x 97 (2d Cir. 2013) ("[T]he Court finds that Defendant New York State is not Plaintiff's 'employer' for Title VII purposes."); Farrell v. State of N.Y., 946 F. Supp. 185, 191 (N.D.N.Y. 1996) (holding that because "the State of New York and the New York State Bureau of Audit and Control are not the employers of the plaintiff, they may not be named as defendants to the Title VII action"); Easterling v. State of Connecticut, 783 F. Supp. 2d 323, 334 (D. Conn. 2011) ("Although the [Connecticut Department of Correction], the State Police, and the Department of Public Safety are all part of the Connecticut state government, each agency is responsible for its own hiring and fairly characterized as a separate 'employer' and 'respondent,' as those terms are defined in Title VII."). Because this Court has not determined whether the State is also Plaintiff's employer for Title VII purposes, the Court does not

find, at this stage, that the State is not a proper defendant and redundant of OSC.

IV. **Conclusion**

For the foregoing reasons, the motion to dismiss [dkt. no. 32] is <u>GRANTED</u> without prejudice.  Plaintiff may file an amended complaint within 30 days of this order.  The Clerk of the Court shall close the open motion.

**SO ORDERED.**

Dated:     February 14, 2022
           New York, New York

_____
LORETTA A. PRESKA
Senior United States District Judge

11