UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EVAN HARRIS,<br><br>                    Plaintiff,<br><br>-against-<br><br>STATE OF NEW YORK, OFFICE OF NEW YORK STATE COMPTROLLER, LAWRENCE SCHANTZ, and ROBERT TAMBINI,<br><br>                    Defendants. | No. 20-CV-8827 (LAP)<br><br>ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

    Before the Court is Plaintiff Evan Harris's motion for reconsideration under Rule 60(b) of the Federal Rules of Civil Procedure ("Rule 60(b)") and Rule 6.3 of the Local Civil Rules ("Rule 6.3") of the Court's April 21, 2022, order (the "Order") (dkt. no. 68) extending time for all Defendants to answer or move in response to Plaintiff's Second Amended Complaint (dkt. no. 66) until May 16, 2022.  (See dkt. no. 87.)  Plaintiff seeks reconsideration on the grounds that Defendant State of New York (the "State") filed a third Motion to Dismiss on May 16, 2022 (dkt. no. 75) pursuant to the Order adopting a stipulation that the State's counsel never executed.  The State opposes the motion.  (See dkt. no. 91.)  The Court assumes the parties' familiarity with the facts and procedural history of the case. For the reasons set forth below, Plaintiff's motion is DENIED.

1

I. **Legal Standard**

"A motion for reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." Drapkin v. Mafco Consol. Grp., Inc., 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011) (citation and internal quotation marks omitted).

"The standards for reconsideration among the civil and criminal rules are largely the same." United States v. Daugerdas, No. 09-cr-581, 2020 WL 4931988, at *2 (S.D.N.Y. Aug. 18, 2020) (quoting United States v. Lisi, No. 15-cr-457 (KPF), 2020 WL 1331955, at *2 (S.D.N.Y. Mar. 23, 2020)); In re Facebook, Inc., IPO Secs. & Derivative Litig., 43 F. Supp. 3d 369, 373 (S.D.N.Y. 2014) ("The standards governing motions under Local Rule 6.3 along with Fed. R. Civ. P. 59(e) and 60(b) are the same."). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Glob. View Ltd. Venture Cap. v. Great Cent. Basin Expl., L.L.C., 288 F. Supp. 2d 482, 483 (S.D.N.Y. 2003) (quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)). Such motions "are properly granted only if there is a showing of: (1) an intervening change in controlling law; (2) the availability of

new evidence; or (3) a need to correct a clear error or prevent manifest injustice." See Drapkin, 818 F. Supp. 2d at 696.

## II. Discussion

The Court has little difficulty concluding that Plaintiff's motion is untimely under Rule 6.3. Pursuant to Rule 6.3, "a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion." Failure to timely submit a motion for reconsideration is sufficient grounds for denial. Here, Plaintiff filed his motion on June 16, 2022, 56 days after the Court entered the Order. Moreover, Plaintiff filed his motion 31 days after the State filed its third Motion to Dismiss pursuant to the Order.

Even if the motion for reconsideration were timely, and it is not, the Court would nevertheless deny it on the merits. Rule 60(b) imposes a high burden on plaintiffs seeking reconsideration of a prior order. See Analytical Surveys, Inc. v. Tonga Partners, L.L.C., 684 F.3d 36, 52 (2d Cir. 2012) ("[T]he standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." (citation omitted)). Plaintiff has failed to meet his burden.

3

Plaintiff seeks reconsideration on the grounds that "the Court mistakenly included Defendant State of New York in its order adopting the parties' proposed Stipulation, likely because of the inartful wording contained in the Stipulation, which referred to 'all Defendants.'"  (Dkt. no. 88 at 1.)  The Stipulation executed by Plaintiff, Defendant Office of the New York State Comptroller, Defendant Lawrence Schantz, and Defendant Robert Tambini clearly states that "the time for <u>all defendants</u> . . . is hereby extended up to and including May 16, 2022."  (Dkt. no. 68 at 1 (emphasis added).)  The fact that the State did not execute the Stipulation does not nullify the Order granting an extension to all Defendants.  Thus, Plaintiff has failed to point to any controlling law or factual matter that the Court overlooked and that might reasonably be expected to alter its Order.  See <u>Melnitzky v. Rose</u>, 305 F. Supp. 2d 349, 352 (S.D.N.Y. 2004).

### III. Conclusion

For the foregoing reasons, Plaintiff's motion for reconsideration is denied. The Clerk of the Court is directed to close the open motion. (Dkt. no. 87.)

**SO ORDERED.**

Dated:    June 29, 2022
         New York, New York

　　　　　　　　　　　　*Loretta A. Preska*
　　　　　　　　　　　　LORETTA A. PRESKA
　　　　　　　　　　　　Senior United States District Judge